# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

```
TAMARA BUNCH,                    )
                                 )
          Plaintiff,             )
     v.                          )    NO. 2:17-CV-276
                                 )
DEMOTTE DRUGS, INC,              )
                                 )
          Defendant.             )
```

## OPINION AND ORDER

This matter is before the Court on the Employment Discrimination Complaint and Motion to Proceed In Forma Pauperis filed by the plaintiff, Tamara Bunch ("Plaintiff"), on June 29, 2017. (DE #1 & DE #2.) For the reasons set forth below, Plaintiff's Motion to Proceed In Forma Pauperis (DE #2) is **DENIED**. This Court **GRANTS** Plaintiff to and including August 7, 2017, to pay the $400.00 filing fee and **CAUTIONS** her that if she does not respond by that date, this case may be dismissed without further notice for non-payment of the filing fee.

The *in forma pauperis* ("IFP") statute, 28 U.S.C. section 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (e.g. filing fee) of the action. See 28 U.S.C. section 1915(a)(1); see also *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the district court must make two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. See 28 U.S.C. section 1915(e)(2); *Denton*,

504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. See *Smith-Bey*, 841 F.2d at 757.

In this case, as to the financial prong of the analysis, Plaintiff, who is not married but supports one adult child, indicates that she is employed and receives $2,300.00 a month from her employer. (DE #2.) She also indicates that she received a one-time short term disability payment of $7,000 in the past twelve months. (*Id.*) Plaintiff claims to have $73.00 in cash on hand and/or in deposit accounts and zero dollars worth of real estate, cars, jewelry, stocks, bonds, or other investments. (*Id.*)

The federal poverty guideline for a household of two is $16,240. HHS POVERTY GUIDELINES, 82 Fed. Reg. 8831-32 (Jan. 31, 2017). The annualized value of Plaintiff's employment income of $27,600, by itself, is well above the federal poverty guideline, and this does not take into consideration the supplemental reported income from her short term disability benefits. Thus, the Court finds that Plaintiff is not financially eligible to proceed IFP in this case, and the motion must be **DENIED** on that basis.

CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Proceed In Forma Pauperis (DE #2) is **DENIED**. This Court **GRANTS** Plaintiff

to and including August 7, 2017, to pay the $400.00 filing fee and **CAUTIONS** her that if she does not respond by that date, this case may be dismissed without further notice for non-payment of the filing fee.

**DATED: July 7, 2017**              **/s/RUDY LOZANO, Judge**
                                      **United States District Court**