UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| TAMARA BUNCH, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:17-CV-276-RL-JEM |
| | ) | |
| DEMOTTE DRUGS, INC., | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to File Amended Complaint [DE 24], filed by Plaintiff on January 1, 2018. Defendant responded on January 18, 2018. Plaintiff has not filed a reply and the time to do so has passed.

On June 29, 2017, Plaintiff, at that time proceeding *pro se*, filed her initial Complaint, including claims for employment discrimination pursuant to Title VII of the Civil Rights Act and the Americans with Disabilities Act. Counsel entered their appearance on behalf of Plaintiff on September 27, 2017, filed the instant Motion to Amend on January 1, 2018. Plaintiff seeks to add several claims and new defendants.

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183). An amendment is "futile" if it would not withstand a motion to dismiss or motion for summary judgment. *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001); *Sound of Music Co. v. 3M*, 477 F.3d 910, 923 (7th Cir. 2007).

When a plaintiff seeks to add new defendants through an amended complaint, Federal Rule of Civil Procedure 20 is implicated. *See Chavez v. Ill. State Police*, 251 F.3d 612, 631-32 (7th Cir. 2001). It provides that defendants may be joined to an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The standard for permissive joinder under Rule 20 is liberal," *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007), and "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 (3d ed. 2001); *see also Chavez*, 251 F.3d at 632; *Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994).

Defendant argues that the proposed Fourteenth Amendment claim and the addition of the new defendants are futile, so Plaintiff's Motion should be denied. First, Defendant argues that Fagen Pharmacy, one of the entities Plaintiff seeks to add as a defendant, is not a legal entity and therefore cannot be sued. Since the correct legal entity is Demotte Drugs, Inc., the current defendant in the case, adding a non-entity as a defendant would be futile.

Plaintiff also seeks to add a claim for violation of Plaintiff's substantive due process rights under the Fourteenth Amendment by treating her differently on the basis of her sex. Defendant argues that Plaintiff's claim for relief under the Fourteenth Amendment of the United States Constitution fails to state a claim upon which relief can be granted, since the Fourteenth Amendment applies only to state actions and there is no allegation of state action in this case. There is no apparent state actor in this case, and nothing about the Complaint or the facts alleged that indicates any nexus between the State and the challenged action, let alone one close enough to treat the behavior of defendants as behavior of the State. *See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S. Ct. 924, 930, 148 L. Ed. 2d 807 (2001) ("[W]e say that state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'") (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)); *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) ("The purpose of this [close nexus] requirement is to assure that constitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains.").

Because allowing Plaintiff to file the proposed amended complaint would be futile, the Court **DENIES** the Motion for Leave to File Amended Complaint [DE 24].

SO ORDERED this 31st day of January, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record